**SIGNED THIS: January 12, 2007**

_____
                                  **THOMAS L. PERKINS**
                   **UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY KENT EDWARDS and | ) | |
| TRACY MARIE EDWARDS, | ) | No. 05-83592 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| JEFFREY KENT EDWARDS and | ) | |
| TRACY MARIE EDWARDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 06-8141 |
| | ) | |
| VERIZON WIRELESS, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

The Debtors, Jeffrey K. Edwards and Tracy M. Edwards (DEBTORS), filed an Adversary Complaint alleging that Verizon Wireless (VERIZON) violated the statutory

injunction against post-discharge collection action provided by 11 U.S.C. § 524(a)(2). VERIZON failed to answer and was determined to be in default. The damages were unliquidated and a hearing was scheduled, with notice to VERIZON, for September 25, 2006, for the DEBTORS to prove damages. VERIZON failed to appear at the prove-up hearing and, after hearing testimony from Jeffrey Edwards, the Court took the matter under advisement.

The following facts are taken from the Adversary Complaint, the bankruptcy case file and the testimony of Jeffrey Edwards.

1. The DEBTORS filed their Chapter 7 petition on July 20, 2005.

2. VERIZON was listed on Schedule F as an unsecured creditor of Jeffrey Edwards holding a claim in the amount of $624.00.

3. The Bankruptcy Noticing Center served a copy of the Notice of the bankruptcy filing on VERIZON by electronic transmission on July 20, 2005.

4. The Discharge Order was entered on November 11, 2005, and a copy was served on VERIZON by electronic transmission on November 16, 2005.

5. Thereafter, Jeffrey Edwards received a statement from VERIZON dated December 27, 2005, showing a balance due of $130.40 for "Current charges." The account summary, under "Previous charges," shows a credit balance of $44.60. The summary of current charges lists a single charge for $175.00 and identifies it as a "Termination Charge."

6. The DEBTORS' attorney mailed a letter to VERIZON dated January 23, 2006, advising VERIZON to cease and desist from further action to collect a discharged debt.

7. Thereafter, Jeffrey Edwards received a statement from VERIZON dated February 9, 2006, showing a previous balance of $135.55 and current charges of $785.67. The pages of the statement that would have itemized the current charges were not submitted.

8. Thereafter, Jeffrey Edwards received a statement from VERIZON dated March 30, 2006, seeking payment of a balance due of $46.22.

9. The DEBTORS' attorney mailed a letter to VERIZON dated April 24, 2006, advising VERIZON to cease and desist any further collection activity.

10. Thereafter, Jeffrey Edwards received a statement from VERIZON dated April 27, 2006, showing a balance due of $46.22.

11. Thereafter, Jeffrey Edwards received a statement from VERIZON dated May 10, 2006, demanding payment of the balance due of $46.22.

12. Thereafter, Jeffrey Edwards received a statement from VERIZON dated May 28, 2006, showing a balance due of $46.22.

13. Thereafter, Jeffrey Edwards received a demand letter from Allied Interstate, a collection agency, for payment of the $46.22 plus a collection fee of $10.16.

14. On July 29, 2006, the DEBTORS' attorney faxed to Allied Interstate a demand to "stop collections immediately."

15. Thereafter, Allied Interstate sent Jeffrey Edwards an offer to settle the claim of $56.38 for 80%.

The Complaint alleges a single cause of action for a violation of the discharge injunction and prays for punitive damages and attorney fees. The Motion for Default Judgment filed by the DEBTORS requests judgment in the amount of $1,000.00.

The Motion must be denied because the DEBTORS have failed to prove that VERIZON'S post-discharge communications to Jeffrey Edwards were an attempt to collect a prepetition debt. The prepetition debt was scheduled in the amount of $624.00. None of the statements reflect or reference this amount. The initial statement, dated December 27, 2005, more than five months after the bankruptcy filing, shows a previous credit balance. This fact contradicts the DEBTORS' assertion that VERIZON was attempting to collect the prepetition balance due on the account. That same statement then describes the $175.00

3

termination charge as a "current" charge, indicating it was assessed within the 30-day period preceding the statement date. Likewise, the February 9, 2006 statement identifies the new charges of $785.67 as "current" charges. None of the statements indicate a past due balance that would correlate with the prepetition balance of $624.00.

Moreover, on Schedule F, the DEBTORS disclosed the account number for the VERIZON claim as 600514428. The account number shown on each of VERIZON'S statements is 602704556, which is the same account number the DEBTORS' attorney used in his letters to VERIZON. The difference between the account numbers is further evidence that the post-discharge dunning was not done in an attempt to collect the prepetition, discharged debt. In addition, there is no evidence in the record to establish when the prepetition account was terminated. The Court will not presume without evidence that the termination occurred prepetition.

The account statements all support the conclusion that the charges reflected thereon are postpetition charges made on a different account than the one scheduled as having a prepetition balance of $624.00. Because the DEBTORS have failed to establish that VERIZON was attempting to collect a discharged, prepetition debt, the Motion for Default Judgment must be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###